# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-12-90-R |
| | ) | CIV-15-16-R |
| NICHOLAS JOSEPH RAMIREZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant, appearing through counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

On April 4, 2012, the grand jury returned an indictment against a number of persons, including Mr. Ramirez, who was charged in twelve counts with conspiracy to possess with intent to distribute and distribution of MDMA, marijuana, crack, and methamphetamine, interstate travel in aid of racketeering, two counts of attempted distribution of ecstasy, distribution of ecstasy, as well as six counts of money laundering. On September 6, 2012, Defendant appeared before the Court and entered a plea of guilty to Counts 1 and 2 of the Indictment, pursuant to an agreement with the government. In exchange for his plea, the government agreed to dismiss ten of the pending counts at the time of sentencing. After disclosure of the presentence investigation report Defendant filed a motion to withdraw his

plea, which motion he subsequently withdraw.[1] Accordingly, on July 1, 2013, the Court conducted a sentencing hearing and Defendant was sentenced to 180 months in the custody of the Bureau of Prisons on each of the two counts of conviction, with the sentences to run concurrently. Defendant appealed to the United States Court of Appeals for the Tenth Circuit. Citing the appellate waiver contained in the Defendant's plea agreement the appeal was dismissed, with the notation that it appeared Defendant was challenging the voluntary nature of his plea in light of an alleged ineffective assistance of counsel. Defendant thereafter filed the instant motion.[2]

Defendant raises four issues in support of his motion to vacate. He contends that he was deprived of constitutionally effective counsel with regard to his plea because counsel failed to inform him that the conviction herein could be used to increase any subsequent sentence he might receive in California, or alternatively that counsel erred in failing to obtain consolidation of the two cases. Defendant next argues that counsel erred by not challenging the base level offense, specifically that counsel should have had the ecstasy pills tested to determine whether they contained MDMA or BZP, because BZP carries a lesser sentence, the conversion rate being 1:100 versus 1:500 for MDMA. Defendant argues that trial counsel erred in advising him that he would likely be sentenced to between eight and ten years, as

---

[1] Defendant has, since the inception of this case, been under indictment in the United States District Court for the Eastern District of California, for charges that apparently stem from the same alleged conspiracy. When he sought to withdraw his plea of guilty he also sought to consolidate this action with the action pending in the Eastern District of California. As noted, that motion was withdrawn.

[2] The Court notes that during the pendency of the instant motion Defendant has received a reduction in his sentence from 180 months to 151 months pursuant to Amendment 782 of the United States Sentencing Guidelines.

2

opposed to his sentence of fifteen years, and that he would have proceeded to trial had he known about this possibility. Finally, Defendant contends counsel was constitutionally ineffective because he failed to object to the quantity of marijuana, although he concedes that the amount of marijuana was not part of his sentencing.

In response to the Petition the government cites the waiver provision in the Plea Agreement (Doc. No. 365), and contends that with the exception of Defendant's contention that the ineffective assistance of counsel rendered his plea involuntary, that Defendant's § 2255 claims are barred by the waiver. Defendant agreed to the following:

> 8. Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553 (a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
>     a. Appeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>     b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.
>     c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Doc. No. 365, pp. 8-9. The Tenth Circuit has held "that a defendant may expressly waive,

in a plea agreement, the right to bring a § 2255 collateral attack on his sentence or conviction, that such a waiver must be knowingly and voluntarily made, and that a claim of ineffective assistance of counsel brought pursuant to § 2255 survives such a waiver where it challenges the validity of the plea or the waiver." *United States v. Cockerham*, 237 F.3d 1179, 1190–91 (10th Cir.2001) (emphasis added).

In assessing whether to enforce a waiver of post-conviction rights, the Court must determine: 1) whether the § 2255 motion falls within the scope of the waiver; 2) whether the defendant knowingly and voluntarily waived his right to bring a § 2255 motion; and 3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir.2004) (*en banc*) (addressing waiver of appeal); *Cockerham*, 237 F.3d at 1183 (same constraints on waiver of appeal apply to waiver of collateral attack). As such, at this juncture only Defendant's claims bearing on the voluntariness of his plea or plea agreement and the effectiveness of his counsel with regard to the guilty plea are proper for consideration, until such time as the Court finds the waiver was not knowing and voluntary or that enforcing it would cause a miscarriage of justice. In accordance with this precedent, the government contends Defendant cannot proceed on grounds two and four, where he argues ineffective assistance of counsel with regard to issues related to sentencing, because the claims do not relate to the knowing and voluntary nature of his plea, and therefore were waived. As to grounds one and three, the United States contends Defendant is not entitled to relief based on the record herein.

In Ground One Defendant alleges counsel was deficient with regard to the plea

4

agreement because counsel should have sought to consolidate this action with the action pending against him in the Eastern District of California and should have forewarned him that pleading guilty in this action could have negative sentencing consequences in the pending California criminal action. He contends counsel's failure to advise him of the consequences of the plea in this Court as it relates to the potential sentence he may receive in the California case, renders his plea herein involuntary.

Ineffective assistance of counsel claims are governed by the familiar test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail Defendant must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see United States v. Rantz*, 862 F.2d 808, 810 (10th Cir.1988). To demonstrate prejudice in the guilty plea context, a movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When a defendant claims after pleading guilty that he had no choice due to counsel's ineffectiveness, the defendant's statements and testimony at his plea hearing and any findings by the trial judge as to the voluntariness of the plea may properly be considered. *See Romero*

*v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995).

Defendant contends that because he accepted a plea agreement in this case, the criminal history points that will be assigned to him from this case will increase his criminal history if he is convicted in the Eastern District of California. Plaintiff contends Defendant's argument is based on an erroneous premise, because only if Defendant ultimately is convicted in the Eastern District of California, will he know whether his conviction in this Court will be used in assessing his criminal history. Plaintiff also argues that the sentences imposed herein would not be "proper sentences" for purposes of the Sentencing Guidelines for assessment of criminal history points, because the conduct underpinning both the Oklahoma conviction and the pending California case is the same.

The court in *United States v. Caro*, 102 F.Supp.3d 861 (W.D.Va. 2015), considered a similar situation to that raised here. Mr. Caro alleged ineffective assistance of counsel resulted in an invalid guilty plea. The court was faced with assessing whether the motion was timely, and in doing so addressed the merits of Mr. Caro's ineffective assistance of counsel claim with regard to his decision to accept a plea in a case charging him with conspiracy to commit murder, because his conviction and sentence therein would likely be used to seek the death penalty in a separate impending federal murder case.[2] The court explained *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S.Ct. 1473 (2010), and the fact that it was premised on the

---

[2] Defense counsel "never advised Caro that he should reject the Plea Agreement and proceed to trial on the conspiracy to commit murder conviction, because this conviction, and the inevitable, lengthy sentence to be imposed for it, would likely be used against him in the looming capital case." 102 F.Supp.3d at 863. Caro argued counsel should have advised him to reject the plea and undergo a trial.

false assurance by counsel that conviction would not result in deportation. "The consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect." *Id* quoting *Padilla,* 559 U.S. at 368-69. The *Caro* court concluded that his counsel fulfilled his obligation of explaining the advantages and disadvantage of the plea, and as a result, the movant failed to establish that counsel was deficient with regard to the plea. The same holds true here.

Furthermore, there, as here, the defendant failed to establish prejudice. The parties both represent to the Court that the pending California proceedings are related to the conviction in the instant case. In the event that Mr. Ramirez is convicted on the charges currently pending in the Eastern District of California, that court will be called upon to impose an appropriate sentence. In doing so, it will presumably rely on a presentence investigation report prepared by a probation officer, which will offer the judge guidance on sentencing, including calculation of a criminal history category. In assessing criminal history, points are assigned based on prior sentences. "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The commentary to § 4A1.2 explains that conduct is part of the instant offense if it is relevant conduct under § 1B1.3 of the Sentencing Guidelines, which defines relevant conduct to include "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and . . . in the case of a jointly undertaken

7

criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(A)-(B). Accordingly, in light of the representations of the parties that the California charges are related to the Oklahoma charges and the language of the relevant sentencing guidelines, Defendant's contention that prejudice is apparent is without merit.[3]

Petitioner next argues counsel was constitutionally ineffective for failing to seek a transfer of this action to the Eastern District of California for consolidation with the criminal proceedings pending against him there. Again, to prevail Petitioner must establish deficient performance and prejudice as set forth above. Again, Petitioner cannot establish prejudice, that is a reasonable probability that the results would have been different.

> To show that the "result of the proceeding would have been different" if not for counsel's alleged deficient performance, Petitioner needed to show that the motion [to transfer and consolidate] or motions his counsel failed to file would have likely been granted and that the result would have been a "reasonable probability" of a lesser sentence in this Court. *Strickland*, 466 U.S. at 694. However. Petitioner has not provided any evidence to suggest that he would have been likely to succeed on any of the motions or that any such success would have produced a different result in this Court. As the Fourth Circuit has noted, the "mere possibility that the result [of a proceeding] might have been different does not suffice" to establish prejudice. *Hoots v. Allsbrook*, 785 F.2d

---

[3] Defendant argues that "[t]here is a reasonsable probability that but for trial counsel's deficient performance he would be facing a lower sentence in the California case that he is presently facing." Doc. No. 897, p. 4. Defendant, however, has not pled guilty or been tried on any counts in California. Furthermore, as indicated by Plaintiff's brief, the advisory guideline range in this case was 235 to 293 months. The government negotiated with Defendant and as a result he pled guilty to 2 counts and was sentenced to 180 months, versus the 324-405 months he would have faced if convicted on all counts.

1214, 1221 (4th Cir.1986)."

*Cylear v. United States*, No. CIV. RDB-10-2075, 2012 WL 2152076, at *3 (D. Md. June 12, 2012). " Speculation is generally inadequate to 'undermine confidence in the outcome' such that it establishes prejudice. *See Goode v. Armontrout*, 925 F.2d 239, 240 (8th Cir.1991) (speculation as to existence of witness and proposed testimony is inadequate). As such, Petitioner has failed to establish that counsel was constitutionally ineffective in failing to seek a transfer and consolidation of the two pending criminal cases and therefore, he is not entitled to relief on Ground One of his § 2255 Motion to Vacate.

In Ground Three Defendant argues that he was coerced into entering a guilty plea by counsel's misrepresentation that he would receive a sentence between eight and ten years if he accepted a guilty plea. Defendant contends that if counsel had correctly informed him that he might receive fifteen years, as he ultimately did, that he would not have accepted a plea and would have proceeded to trial.

Defendant's claim is contradicted by the plea petition and agreement he executed as well as his statements during his plea colloquy. According to the Plea Agreement signed by Defendant, "[t]he maximum penalty that could be imposed as a result of this plea as to Count 1 is 20 years imprisonment . . . . [t]he maximum penalty that could be imposed as a result of this plea as to Count 2 is 20 years imprisonment." Doc. No. 365, p. 3. In his Petition to Enter a Plea of Guilty when the petition asked, "[d]o you know the sentence you will receive is solely a matter for the judge to decide?, "the space was marked "yes." Doc. No. 366, p. "Yes" was also marked in response to the question: "[d]o you understand no one had the authority

to make any such promise [for leniency] or prediction on your sentence because the matter of sentencing is exclusively within the control of the judge and no one else?" Doc. No. 366, p. 10. At the September 6, 2012 hearing where he entered his plea of guilty to Counts 1 and 2 of the Indictment, Defendant answered affirmatively when asked by the Court if he understood the charges and the maximum punishment. Doc. No. 582, p. 4. He answered affirmatively when the Court asked:

> Do you understand the sentence you'll receive is solely a matter within the control of the judge, and while the Court assumes you hope to receive leniency, are you prepared to accept any punishment permitted by law which the Court sees fit to impose?

Doc. No. 582, p. 7.

Defendant also contends counsel failed to make him aware that he could receive additional levels for a managerial role.[4] The Plea Agreement, signed by Defendant, however, stated that "the government is aware of facts which would support the application of § 3B1.1 (aggravating role in the offense)." Doc. No. 365, p. 8. The Plea Petition signed by Defendant included the following:

> [T]here is no limitation on the information the judge can consider at the time of sentencing concerning your background, character, and conduct so long as the information is reliable. The judge will take all of these factors into consideration in determining an appropriate sentence.

Defendant replied in the affirmative, indicating he understood. Doc. No. 366, p. 7. It also stated, "[i]f you have received misdemeanor convictions within the past 10 years, your

---

[4] Defendant acknowledges that defense counsel raised the possibility of the enhancement, but contends counsel failed to adequately explain the actual potential for a three level enhancement.

Criminal History Category may be increased." *Id.* Defendant indicated he understood this as well. Doc. No. 366, p. 7.

Defendant's contention that counsel was constitutionally ineffective because he erred in predicting the length of Defendant's sentence does not provide a basis for § 2255 relief.

> Garcia claims his counsel incorrectly advised him that he would only receive five to forty years' imprisonment. This may have flowed from the complaint, which erroneously stated that Counts I and II were punishable under 21 U.S.C. § 841(b)(1)(B), when in fact they were punishable under 21 U.S.C. § 841(b)(1)(A) because they involved more than fifty grams of methamphetamine. But while this was incorrect if given, we have routinely held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir.1993), *see also United States v. Jordan*, 516 F. App'x 681, 682 (10th Cir.2013) (applying *Gordon* where counsel explained the wrong maximum sentence); *United States v. Triplett*, 402 F. App'x 344, 348 (10th Cir.2010) (same); *United States v. Kutilek*, 260 F. App'x 139, 147–48 (10th Cir.2008) (applying *Gordon* where counsel explained the wrong mandatory minimum).
> Moreover, even if counsel's performance was deficient, Garcia cannot show prejudice. His assertion that counsel's error rendered the plea unknowing and involuntary is undercut by his statement in advance of plea, in which he acknowledged that he faced a sentence of ten years to life in prison. See United *States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (holding that where a defendant acknowledged awareness of the consequences of his plea agreement, counsel's erroneous explanation of the consequences was not prejudicial).

*United States v. Garcia*, --- Fed.Appx. ---, No. 15-4043, 2015 WL 6384789, at *2-3 (10th Cir. Oct. 22, 2015). The same holds true for Mr. Ramirez. As set forth above, he made more than one statement acknowledging the potential for a sentence of twenty years imprisonment and the fact that sentencing was within the discretion of the Court. As such, he cannot establish that counsel's performance was deficient nor can he establish prejudice. Therefore,

ground three of the motion provides not basis for § 2255 relief.

In ground two of his § 2255 motion Defendant argues that counsel was ineffective because he failed to object to the marijuana equivalent of 4505.55 kilograms based on incorrect application of the conversion equation and failure to object based on the November 2012 amendment regarding N-Beznylpiperazine. As noted above, the United States contends Defendant waived this issue by virtue of the plea agreement, as set forth above.

> "[A] waiver of § 2255 rights in a plea agreement is generally enforceable." *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir.2001). A collateral attack waiver is enforceable if: (1) the disputed appeal falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) the enforcement of the waiver would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325. A miscarriage of justice occurs (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful. *Id*. at 1327.

*United States v. Fry*, No. 15-2083, 2015 WL 6108019, at *2 (10th Cir. Oct. 16, 2015). The Court concurs with the Plaintiff that this claim, which does not challenge the validity of the underlying plea or waiver, but rather addresses a sentencing issue, falls within the scope of the waiver and Defendant has not established any of the factors that would support a finding of a miscarriage of justice. Accordingly, Defendant's request for relief based on ground three is hereby denied.

Finally, the same holds true for Defendant's ground four, wherein he alleges ineffective assistance of counsel because counsel did not object to a finding in the presentence investigation report regarding marijuana. Defendant argues in his brief, "though

the marijuana was not used to increase Mr. Ramirez's sentence, Mr. Ramirez submits that the unchallenged perception of him also dealing in large amounts of marijuana made his role more significant than it was and expanded unduly his perceived drug dealing." Doc. No. 897, p. 22-23. Defendant has failed to overcome the waiver that he executed with regard to this issue, and furthermore, the argument that not objecting to the marijuana, in essence, reflected poorly on him, does not support an ineffective assistance of counsel claim.

Defendant requested an evidentiary hearing, the Court finds, however, that no such hearing is necessary. Furthermore, Defendant is not entitled to a certificate of appealability, which pursuant to 28 U.S.C. § 2253 "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The Court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If Defendant wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

For the reasons set forth above, Mr. Ramirez's motion under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED this 17th day of February, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE